**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Armando CAPONIGRO, Defendant-Appellant.**

**No. 71-3495.**

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1972.

Rehearing and Rehearing En Banc Denied Oct. 4, 1972.

---

Joseph S. Paglino, No. Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Sidney M. Glazer, Atty., Dept. of Justice, Washington, D. C., Richard A. Levie, Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

The indictment charged the defendant with having obstructed and affected interstate commerce by extortion in violation of the Hobbs Act, 18 U.S.C. § 1951. Both counts charged that the defendant was employed as a shop steward.[1]

Count 1 covered a period from November 1, 1968 to August 20, 1969 and charged that during that period the defendant threatened C. A. Gibeaut, Inc., the subcontractor for concrete form work, with work stoppages and other labor troubles, and by such extortion demanded and obtained $545.30 in checks from C. A. Gibeaut, Inc.

Count 2 covered a period from August 27, 1969 to December 26, 1969 and charged that during that period the defendant threatened C. A. Gibeaut, Inc. and its representative William Harrington with work stoppage and labor problems and did in fact slow down and delay the work by calling Union carpenters off the site and slowing down their production. Count 2 further charged that the defendant attempted to extort money by personally threatening William Harrington on December 26, 1969, in violation of the Hobbs Act.

The jury found the defendant guilty on both counts. After entering its judgment of conviction and denying the defendant's motion for new trial, the court sentenced the defendant to imprisonment for 10 years on each count, the sentences to run concurrently.

The defendant presents thirteen numbered issues for review on appeal, including the denial of a continuance, the denial of motions to dismiss the indictment, for better response to a bill of particulars, for subpoena fees and investigative costs, various evidentiary rulings, the court's refusal to charge the jury that bribery and extortion are mutually exclusive crimes, a claim that "the verdict was against the weight of the evidence," and finally that "an accumulation of errors deprived the defendant of a fair trial."

A careful study of the record, including a typed transcript of more than 600 pages, in the light of the briefs and oral arguments has convinced us that no reversible error was committed. In our opinion, the Government's brief adequately responds, though in different order, to each of the issues presented for review by the defendant. The question of the defendant's guilt was for the jury, and the evidence was ample to support its verdict. The judgment is therefore

Affirmed.

1. The indictment charged:
  "That at all times hereinafter mentioned, defendant ARMANDO CAPONIGRO was employed by the prime contractor Burk Brothers, Inc., as shop steward for members of Local 1947, United Brotherhood of Carpenters and Joiners of America, employed by Burk Brothers, Inc., and as shop steward was the representative of said Union members on said Hemispheres Site and personally responsible for receiving and handling grievances of Union members."
  (R. 617.)

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.